<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLIS S. BELFER,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JEFF TOSCANO, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:18-cv-05403-BRM-TJB<br><br>**ORDER** |

**THIS MATTER** is opened to the Court by Plaintiff Ellis S. Belfer's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 2). Pursuant to 28 U.S.C. § 1915, a court may allow a litigant to proceed IFP, provided the litigant submits a proper application. "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an affiant must show the inability to pay the filing and docketing fees." *Taylor*, 261 F. App'x at 400 (citations omitted) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) and *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).

According to the affidavit submitted in support of Plaintiff's IFP application, Plaintiff has an average monthly income of $2,716.00 from retirement and unemployment payments. Plaintiff's spouse has an average monthly income of $850.00 from alimony. (*Id.*) Plaintiff lists three dependents — a son, age 7, and two daughters, each age 2. (*Id.*) He owns two cars — a 2017 Kia

Sportage valued at $30,000, and a 2005 BMW 325i valued at $6,000. (*Id.*) Plaintiff's total monthly expenses are $7,624.00. (*Id.*) Plaintiff and his spouse are currently owed $140,000. (*Id.*)

In addition, Plaintiff failed to comply with the instructions, which require applicants to "[c]omplete all questions in [the] application. . . . Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (*Id.*) Here, Plaintiff's IFP application does not include a response to questions 1 and 5. (*Id.*)

Based on the limited information submitted by Plaintiff, the Court finds Plaintiff is able to pay the filing and docketing fees in this matter and that requiring Plaintiff "to pay her own litigation expenses . . . would not deprive her of the 'necessities of life.'" *Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (quoting *Adkins v. E.I. DuPont Nemours Co.*, 335 U.S. 331, 339 (1948)) (finding denial of IFP application appropriate, even if plaintiff is "requir[ed] to save for several months" so long as payment "would not deprive her of the 'necessities of life'"). Accordingly, for the reasons set forth herein and for good cause appearing,

**IT IS** on this 1st day of July 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED**; it is further

**ORDERED** that this case shall be marked **CLOSED**; and it is further

**ORDERED** that on or before July 30, 2021, Plaintiff may submit payment of the $400 fee, which includes the $350 filing fee and the $50 administrative fee, to reopen this case without further action from the Court.

/s/Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**